UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:05-CR-100 |
| | ) | |
| RICHARD MILBURN | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress evidence taken during a search of a motel room in Cobb County, Georgia, on September 8, 2004. (Doc. 206). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

Evidence of illegal drug trafficking was seized during that search which will be introduced against defendant in this court. Defendant argues that the affidavit filed in support of the Georgia search warrant does not establish probable cause and therefore should be suppressed. To that end, the magistrate judge has read the affidavit filed in support of the application for that search warrant and, for the reasons hereafter stated, concludes that the affidavit indeed does establish probable cause.

The affidavit was filed by R.A. May, a Cobb County Police Department Officer who was then assigned to the Marietta/Cobb/Smyrna Organized Crime Unit ("OCU"). Agent May stated that he had instigated an investigation upon receiving information that Jeremy William Scott was involved in the distribution of crystal methamphetamine, marijuana, and oxycontin. He learned that Mr. Scott was residing with his girlfriend, Brandy Stephens, at

1697 Crest Ridge Drive, Marietta, Georgia. It also recited that he had information that Jeremy Scott usually drove a gray or silver Isuzu Rodeo, Georgia tag number JMFS79.

The affidavit recites that the OCU had set up surveillance of Scott's residence on Crest Ridge Drive on September 8, 2004, at which time the agents observed Jeremy Scott leave the residence with an unknown white male, both of whom got into a vehicle registered to Brandy Stephens (the girlfriend). The agents followed Scott and the unknown white male, and subsequently observed them meet Brandy Stephens who was driving the Isuzu Rodeo. All the suspects - Brandy Stephens, Jeremy Scott, and the unknown white male - then drove off, followed by the agents of the OCU. These three individuals were followed to the Hometown Inn, a motel located on Canton Road in Marietta, Georgia. Three suspects entered the motel, but the agents could not ascertain which rooms they actually entered. When the three individuals returned to the parking lot, they were confronted by law enforcement agents and detained. Jeremy Scott and the other male were found to be in possession of crystal methamphetamine, marijuana, Xanax, and M.B.M.A. Scott was also carrying two concealed handguns.

Pertinent to defendant's motion to suppress, Agent Mays' affidavit recites that he learned (in some unspecified manner) that the motel room adjacent to Jeremy Scott's room contained illegal narcotics. As a result of that information, another agent went to that room, which was Room 322, and knocked on the door. When the door was opened, Agent Moore could smell the "strong odor of burning marijuana." The occupants of Room 322 were escorted out of the room, "and the room was secured pending a search warrant." The

2

affidavit recited that Jeremy Scott had rented Room 320 on September 7, 2004, and that Room 322 was rented by Troy Ward.[1]

Based upon the odor of burning marijuana emanating forth from Room 322, Agent Moore recited that he had a valid reason for believing that evidence of illegal drugs would be found within that room. Rather obviously, the state judge agreed and the warrant was issued.

First of all, defendant has a rather glaring problem with "standing." Room 322 was rented by Troy Ward, not defendant. Defendant had no reasonable expectation of privacy in a motel room leased by Troy Ward; Fourth Amendment rights are personal rights which may not be vicariously asserted. *United States v. Myers*, 102 F.3d 227, 231 (6th Cir. 1996). A defendant has no standing to attack a search of a motel room which was not registered in his name and when there was no evidence that he stayed in that motel room. *United States v. Vanaman*, 2001 WL 392006 (6th Cir. 2001). An individual's rights are not infringed when damaging evidence is secured by an unlawful search of a third party's premises or property. See, *United States v. Caicedo*, 85 F.3d 1184, 1191 (6th Cir. 1996); *United States v. McNeal*, 955 F.2d 1067, 1072 6th Cir., cert. denied, 505 U.S. 1223 (1992).

No less importantly, this evidence was not seized illegally. The affidavit filed in support of the Georgia search warrants provided sufficient probable cause to justify the issuance of the search warrant. Irrespective of how Agent Mays learned of Jeremy Scott's

---

[1] Detailed receipts appended to the warrant clearly reflect that Room 322 was rented by Troy Ward.

narcotics trafficking, or how he learned that illegal narcotics would be in Room 322, it is emphasized that there was no entry into that room by the agent. Rather, there was but a knock on a door by Agent Moore, and then the strong odor of burning marijuana when the door was opened in response to that knock. That odor established probable cause to seek the issuance of the subject search warrant, and nothing else need be said.

It is respectfully recommended that defendant's motion to suppress any evidence seized pursuant to the Georgia search warrant on September 8, 2004, be denied on either or both of the following bases: (1) that defendant lacks any standing to complain of that search and (2) that the search warrant was supported by ample probable cause.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge