IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA      )
                                  )
v.                               )      No.  2:05-CR-100
                                  )
RICHARD GLEN MILBURN       )


## MEMORANDUM AND ORDER


        This criminal case is before the court on the motion of defendant

Richard Glen Milburn to dismiss two counts of the indictment for lack of venue

[doc. 205].  The motion references Counts 6 and 7; however, the superseding

indictment renumbered the counts, and the motion actually seeks dismissal of

Counts 4 and 5 of the superseding indictment filed on August 8, 2006.  The

government has responded to the motion [doc. 250], and oral argument on the

motion was heard on November 7, 2006.  At the time of oral argument, the court

asked the parties to file supplemental memoranda in light of two Supreme Court

cases, and these memoranda have been received by the court [docs. 347 and

348].  Thus, the defendant's motion is ripe for the court's consideration.  For the

reasons discussed below, the motion will be denied.

        Counts 4 and 5 of the superseding indictment state as follows:

COUNT 4
      The Grand Jury further charges that on or about
September 8, 2004, in the Eastern District of
Tennessee, and elsewhere, the defendant RICHARD
GLEN MILBURN, did knowingly, intentionally and
without authority attempt to possess with the intent to
distribute a quantity of a mixture and substance
containing a detectable amount of methamphetamine,
its salts, isomers, or salts of its isomers, a Schedule II,
controlled substance.
[21 U.S.C. §§ 846, 841(b)(1)(C)]

COUNT 5
      The Grand Jury further charges that on or about
September 8, 2004, in the Eastern District of
Tennessee, and elsewhere, the defendant RICHARD
GLEN MILBURN, did knowingly and intentionally carry a
firearm during and in relation to a drug trafficking
offense as alleged in Count 2[1] and Count 4, that is, a
violation of Title 21, United States Code, Sections
841(a)(1) and 846.
[21 U.S.C. § 924(c)(1)]

The defendant argues that the event that triggered the charges in Counts 4 and 5

occurred in Georgia, not the Eastern District of Tennessee.  The defendant was

arrested in Cobb County, Georgia, by Georgia authorities on September 8, 2004,

for possession with the intent to distribute methamphetamine and for possession

of a firearm.  The government does not dispute that the September 8, 2004 acts

occurred in Georgia and that they are the basis for Counts 4 and 5, but argues

that they were part of a continuing offense that began in the Eastern District of

Tennessee so venue is appropriate here.  The government submits that the facts

---

      [1] Count 2 of the superseding indictment charges a conspiracy to distribute and to possess with
the intent to distribute 500 grams or more of methamphetamine.

will show that the defendant sent an individual from Tennessee to Georgia with money to purchase methamphetamine.  Some problems arose with the purchase, and the defendant went to Georgia himself to make the deal.  The defendant was arrested in Georgia before being able to return to Tennessee.

A criminal defendant's right to venue is twice protected by the United States Constitution.   Article III requires that the "Trial of all crimes . . . shall be held in the State where the said crimes shall have been committed," and the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  The Supreme Court has adopted a general guide for determining the appropriate venue:

> the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it. . . . In performing this inquiry, a court must identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts."

*See United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (citations omitted).

## Count 4

Unfortunately for the defendant, his Count 4 venue argument is unavailing in the Sixth Circuit.  In *United States v. Zidell*, 323 F.3d 412 (6th Cir. 2003), the Sixth Circuit was faced with a fact pattern almost identical to the case

before this court.  In *Zidell*, a case filed in the Western District of Tennessee, the

defendant was charged in two counts with a conspiracy to possess with the intent

to distribute methamphetamine and with aiding and abetting the attempt to

possess and the attempt to cause the possession with intent to distribute

methamphetamine.  The proof at trial was that two co-defendants left Memphis,

Tennessee, and drove to Texas, where the defendant lived, and picked up about

a pound of methamphetamine.  On their way back to Tennessee, the co-

defendants were stopped by the police.  The defendant argued that he only

supplied drugs in Texas, so venue in the Western District of Tennessee on the

attempt charge was improper.  *Id.* at 421-422.

The Sixth Circuit found that possession with the intent to distribute a

controlled substance was a continuing offense, so the venue determination was

governed by the "continuing offense" statute, 18 U.S.C. § 3237(a).  *Id.* at 422.

Section 3237(a) provides:

> Except as otherwise expressly provided by enactment of
> Congress, any offense against the United States begun
> in one district and completed in another, or committed in
> more than one district, may be inquired of and
> prosecuted in any district in which such offense was
> begun, continued, or completed.

"To satisfy the terms of this statute, it is not essential that the defendant ever

have been physically present in the district in question, so long as 'the offense

continued into' this district." *Zidell*, 323 F.3d at 422 (quoting *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993)).

The proof at trial was that the defendant participated in a meeting in Memphis some months earlier and agreed to supply good quality methamphetamine to be distributed in Memphis. Based on this evidence, the court held that the Western District of Tennessee was one of the districts in which the offense charged in the second count was "begun, continued, or completed." *Id.*

The Sixth Circuit also found that under its "substantial contacts" test, venue in the Western District of Tennessee was appropriate. Considering the "site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding," especially that the effects of the attempted distribution would have been felt in Memphis, the court concluded that the "substantial contacts" test was satisfied. *Id.* at 423.

Finally, the Sixth Circuit also found that it was important that the charge included an "attempt to cause the possession" phrase. *Id.* at 424. The court pointed out that the "cause" language came from a provision of the aiding and abetting statute that provides, in relevant part: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b). Thus,

5

"one who sets an illegal course in motion but intentionally refrains from the direct act constituting the compelled offense shall not escape punishment." *Id.* (quoting *United States v. Sabatino*, 943 F.2d 94, 99 (1st Cir. 1991)).

This additional language ("attempt to cause") appears to be the only material difference between *Zidell* and the case before this court. However, given the Sixth Circuit's holding notwithstanding this language, the distinction does not change the result in this case. Therefore, the court finds, based on the holding in *Zidell*, that the defendant's motion to dismiss Count 4 of the superseding indictment must be denied.

<u>Count 5</u>

The defendant argues that Count 5 should be dismissed for the same reason – the only firearm he allegedly carried on September 8, 2004, was carried in Georgia.[2] The government contends that the offense is a continuing one, and 18 U.S.C. § 3237(a) applies. The court finds that the decision in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999) compels a finding that the defendant's motion as to Count 5 should be denied.

The issue in *Rodriguez-Moreno* was whether venue in a prosecution for using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)) is proper in any district where the crime of violence was

---

[2] The court's discussion applies only to the part of Count 5 which references carrying a firearm during and in relation to the drug trafficking offense described in Count 4. Count 5 also references Count 2, a conspiracy count, and venue clearly lies in Tennessee for the conspiracy and any related firearms counts.

committed, even if the firearm was used and carried elsewhere.  *Id.* at 276.  The

proof at trial was that the defendant was hired to kidnap an individual, as a result

of a theft during a drug deal in Texas, and to hold him until the drugs were found.

The defendant and others moved the individual from Texas to New Jersey, then

to New York, and finally to Maryland.  In Maryland, the defendant threatened the

life of the individual with a .357 magnum revolver.  The charges for conspiracy to

kidnap, kidnaping, and using and carrying a firearm in connection with a crime of

violence were brought in the district court in New Jersey.  The defendant argued

that venue for the firearm count was only proper in Maryland where the firearm

was allegedly used.  *Id.* at 276-77.

      The Court looked to the language of § 924(c)(1), and held that it

contained two distinct conduct elements – "using and carrying a firearm" and the

commission of a crime of violence.  *Rodriguez-Moreno*, 526 U.S. at 280.  The

Court then discussed whether kidnaping, the crime of violence, was a "point-in-

time" offense or one that could continue through several venues.  The Court held

that kidnaping begins with the taking of an individual and continues until the

victim is free.  *Id.* at 281.  Thus, "§ 924(c)(1) does not define a 'point-in-time'

offense when a firearm is used during and in relation to a continuing crime of

violence. . . . Where venue is appropriate for the underlying crime of violence, so

too it is for the § 924(c)(1) offense."  *Id.* at 281-82.

The court finds that the Court's reasoning in *Rodriguez-Moreno* applies in this case. Section 924(c)(1) prohibits using and carrying a firearm during and in relation to any crime of violence **or** drug trafficking crime that may be prosecuted in a court of the United States. Thus, the charge in Count 5 contains two distinct elements – carrying a firearm and commission of a drug trafficking crime. If the drug trafficking crime, like a crime of violence, is an offense that could continue through several venues, then the charge of carrying the firearm during that drug trafficking offense may be prosecuted wherever the drug trafficking offense could be prosecuted.

As discussed above, in the Sixth Circuit "possession with the intent to distribute" is a continuing offense. The government's proffered facts and the nature of the charge in this case demonstrate that venue for the drug trafficking offense would be appropriate in Tennessee and Georgia. Thus, venue for the § 924(c)(1) count related to the drug trafficking offense would be appropriate where the drug trafficking offense is prosecuted, and the defendant's motion as to Count 5 must be denied.

For these reasons, it is hereby **ORDERED** that the defendant's

motion to dismiss Counts 4 and 5 from the superseding indictment is **DENIED**.


ENTER:


_____*s/ Leon Jordan*_____
United States District Judge